# STATE OF FLORIDA v DAVIS
## Case No. 87-211292 TT A02
County Court, Palm Beach County

February 23, 1988

### APPEARANCES OF COUNSEL

State Attorney's Office for plaintiff.

**Paul Herman** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress evidence alleged to have been obtained pursuant to an illegal detention and the Court having heard testimony of witnesses and argument of counsel, hereby denies the motion.

This case presents the very interesting and important issue of whether a suspect's perfectly lawful behavior can justify a traffic stop

and the subsequent development of probable cause to arrest for driving under the influence of alcohol, where the Court determines that the suspect's behavior reasonably, but mistakenly, led a law enforcement officer to believe that a traffic infraction had been committed.

There is some dispute as to the facts of the case. However, when taking into consideration the different physical vantage points of the arresting officer and the defendant, their testimony is not inconsistent with one another. The Deputy testified that the Defendant had her car's headlights on highbeam, refusing to lower them except to "flash" them from high to low and back several times, when signaled by another oncoming car and later himself. That the other driver was apparently blinded by her lights, having to slow down to safely proceed.

The Defendant testified that she was blinded by the Deputy's headlights and was flashing her lights to signal him. It turns out that the Deputy's vehicle was a large "Bronco" type vehicle having over-sized tires. There is a conflict as to whether his vehicle's headlights were properly aligned. The Court has no difficulty in believing that both parties testified truthfully. Further, no evidence exists which would lead the Court to believe that the stop was a "pretense" stop.

The Defendant was stopped and charged with the infraction of failing to dim her lights. There is no doubt that the Court would have acquitted her of this charged based upon the above testimony. However, on the same facts, there is also no doubt that the Deputy properly stopped the Defendant for suspicion of violating 316.238. This being the case, there is no bar to the subsequent development by the Deputy of probable cause for arresting the Defendant for DUI.

### ISSUED CERTIFIED

Pursuant to Rule 9.030(b)(4) and 9.160, Florida Rules of Appellate Procedure, I hereby certify that the following issue is of great public importance:

WHETHER A SUSPECT'S PERFECTLY LAWFUL BEHAVIOR COULD JUSTIFY A TRAFFIC STOP AND THE SUBSEQUENT DEVELOPMENT OF PROBABLE CAUSE TO ARREST FOR DRIVING UNDER THE INFLUENCE, WHERE THE COURT DETERMINES THAT THE SUSPECT'S BEHAVIOR REASONABLY, BUT MISTAKENLY, LED THE ARRESTING OFFICER TO BELIEVE THAT A TRAFFIC INFRACTION HAD BEEN COMMITTED.

DONE AND ORDERED, this 23rd day of February, 1988 at West Palm Beach, Florida.